UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| CARL MOSES-HYIPEER and PATRICIA Y. SMITH, | ) ) | NO.  CV-05-3087-LRS |
| Plaintiffs, | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| -vs- | ) ) | |
| THE YAKAMA NATION, et al., | ) ) | |
| Defendants. | ) ) ) | |

**BEFORE THE COURT** is Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction and Failure To State A Claim Upon Which Relief May Be Granted Pursuant To FRCP 12(b)(1) and FRCP 12(b)(6), filed on January 12, 2007, being heard with oral argument in Yakima, Washington on March 22, 2007.  Theodore Mahr participated on behalf of Plaintiffs Carl Moses-Hyipeer and Patricia Smith.  Tim Weaver participated on behalf of Defendants The Yakama Nation, et al.

**DISCUSSION**

Defendants argue that Plaintiffs are barred from retrying their lawsuit which was decided and dismissed by order of the Tribal Court on January 4, 2006 based on sovereign immunity.  Plaintiffs did not request reconsideration nor did they file an appeal at the Tribal Court. Instead, prior to the Tribal Court ruling, on September 7, 2005,

ORDER GRANTING MOTION TO DISMISS BY DEFENDANTS - 1

Plaintiffs filed a complaint under the Indian Civil Rights Act ("ICRA"), 25 U.S.C. §1302(6) and (8), seeking damages and declaratory relief that they be rehired by the Yakama Nation.  Defendants argue that Plaintiffs are barred on res judicata grounds as well as lack of subject matter jurisdiction in this Court.  The Court agrees with Defendants.

Neither 28 U.S.C. §1343(1)(4) nor 25 U.S.C. §1302(6),(8) provide a basis for jurisdiction as Plaintiffs argue.  Only if Plaintiffs were pursuing habeas corpus relief would federal jurisdiction in this court be appropriate.  The ICRA is not a basis for federal court jurisdiction over civil claims of the nature brought here nor did the ICRA impose a waiver of sovereign immunity on tribes or their officers.  See *Boe v. Fort Belkamp*, 642 F.2d 276 (9th Cir.1981) (25 U.S.C. §1302 confers no jurisdiction for alleged violation of ICRA).  Suits against the tribe and tribal officers under the ICRA are barred by sovereign immunity.  *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978) (nothing in the ICRA purports to subject tribes to jurisdiction of the federal courts in civil actions for injunctive or declaratory relief); *Hein v. Capitane*, 201 F.3d 1256 (9th Cir.2000).

The Court finds that the Tribal Court has exclusive jurisdiction over this matter.  Unless and until Congress makes clear it intention to permit intrusion on tribal sovereignty, 25 U.S.C. §1302 does not authorize actions for the type of relief sought in this case against the tribe or its officers.  This Court does not have subject matter jurisdiction.  A cause of action lacking subject matter jurisdiction must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

///

1    The Court having considered the oral and written arguments of

2  counsel, enters this Order to memorialize and supplement the oral rulings

3  of the Court.

4       **IT IS ORDERED** that:

5       1.  Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of

6  Subject Matter Jurisdiction and Failure To State A Claim Upon Which

7  Relief May Be Granted Pursuant To FRCP 12(b)(1) and FRCP 12(b)(6), **Ct.**

8  **Rec. 27**, filed on January 12, 2007, is **GRANTED**.  The Court finds subject

9  matter jurisdiction lacking, and, as such, refrains from ruling on the

10  alternative Fed.R.Civ.P. Rule 12(b)(6) basis for dismissal.

11      2. The District Court Executive is directed to:

12      (a) File this Order;

13      (b) Provide a copy to counsel of record; and

14      (c) **CLOSE THIS FILE**.

15      **DATED** this 23rd day of March, 2007.

16

17                              ***s/Lonny R. Suko***

                    _____

18                          LONNY R. SUKO
                    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

ORDER GRANTING MOTION TO DISMISS BY DEFENDANTS - 3